## STATE *v.* LAWRENCE BRAINERD.

*Information, Minute on by Clerk, when Exhibited.*
*Criminal Law.*

The minute on the information was, " Filed Oct. 15, 1883," and under the official
signature of the clerk; *Held,* sufficient.

HEARD on motion to dismiss the information, April Term,
1884, ROYCE, Ch. J., presiding.    Motion overruled; and
cause passed to the Supreme Court under R. L. s. 1390.  The
motion to dismiss was, in effect, that the minute made by
the clerk of the court on the information was not sufficient,
in that it did not state when the information was exhibited.

*Edson, Cross & Start* and *Stephen E. Royce,* for the re-
spondent.
The minute on the information was clearly insufficient.
R. L. s. 1719; *Pollard* v. *Wilder,* 17 Vt. 48; *Montpelier* v.
*Andrews,* 16 Vt. 604; *Wheelock* v. *Sears,* 19 Vt. 559.

*George W. Burleson,* State's Attorney (*E. R. Hard* with
him), for the State.
The minute on this information accomplishes the object
of the statute, and is a substantial compliance with its re-
quirements.   R. L. s. 1719; *State* v. *Bartlett,* 11 Vt. 650.

The opinion of the court was delivered by
ROWELL, J.   It is considered that the minute on this in-
formation is sufficient to answer the purpose for which it is
required to be made, which is, that the court may know
with certainty whether or not the offense charged is barred
by the Statute of Limitations.   It is as follows: " Filed Oct.
15, 1883," and is under the official signature of the clerk.
The information could not have been filed by the clerk until

it was exhibited to him; and the minute of filing imports such exhibition, nothing else appearing; and the two things will be taken to have been concurrent. *State* v. *Bartlett*, 11 Vt. 650.

The respondent takes nothing by his exceptions, and the cause is remanded.