[Crim. No. 335. Fourth Appellate District.—December 3, 1936.]

THE PEOPLE, Respondent, v. GIRD MARION BAUSELL, Appellant.

Edgar G. Langford for Appellant.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

JENNINGS, J.—Defendant was charged by information with having committed the offense of receiving stolen property. On arraignment he entered a plea of not guilty, waived a trial by jury, and was tried before the court, which found him guilty and pronounced judgment whereby he was sentenced to confinement in the state prison. He appeals from the judgment.

The sole contention which appellant here presents as ground for reversal of the judgment is that the trial court committed prejudicial error in admitting in evidence over his objection extrajudicial statements of appellant in the absence of sufficient proof of the *corpus delicti*.

Examination of the record discloses that evidence other than the inculpatory statements to whose admission appellant objected was produced during the trial and that thereby the following facts were developed: At approximately 4 P. M. of June 3, 1936, John Ortiz, who was an employee of the Famous Department Store in the city of Santa Ana, observed appellant walking along Bush Street in said city. Appellant was then accompanied by a red-haired woman and Ortiz remembered that he had seen these same persons in the Famous store on April 28, 1936. At the time Ortiz first caught sight of appellant the former was on the opposite side of Bush Street from the latter. Ortiz then walked across the street. Appellant turned, and on seeing Ortiz, said to his companion: "I will meet you at Harry's house." Appellant then crossed the street and walked ahead to the corner of the block. Ortiz followed appellant and when the latter had arrived at the corner of the intersection, Ortiz called to appellant to stop. Appellant, however, continued to walk ahead and in a short distance began to run. Ortiz followed him into a near-by vacant garage, where he caught up with him. After they had arrived in the garage appellant dropped three dresses which were wrapped in appellant's coat that he was carrying. Ortiz ordered appellant to put on his coat, which he did,

remarking at the time, "You haven't got a damn thing on me." The three dresses were subsequently identified as being the property of the J. C. Penney store in Santa Ana which is located across the street from the Famous Department Store. A witness who was an employee in the ladies' ready-to-wear department of the Penney store testified that she showed the three dresses which appellant had in his possession to three women at approximately 2:30 o'clock in the afternoon of June 3d, and that it was not discovered that they had been stolen until after appellant's arrest. This witness also testified that she did not see appellant in the ladies' ready-to-wear department of the Penney store, which occupied a comparatively small space at any time during the afternoon of June 3d after she had shown the dresses to the three women above mentioned, although she was present in the department at all times during the period that intervened between 2:30 o'clock and the time she discovered the dresses had been stolen. It may be remarked that not all of the above-narrated facts were established at the time appellant's inculpatory statements were admitted in evidence. The order of proof is, however, a matter entirely within the discretion of the trial court (*People* v. *Watters,* 202 Cal. 154, 157 [259 Pac. 442]) and no point is made of the matter on this appeal.

As herein stated, it is appellant's contention that the above-described evidence is not sufficient to establish the necessary fact that the crime of receiving stolen property had been committed in order to justify the admission in evidence of appellant's extrajudicial statements wherein he admitted that he had received the dresses from a woman and "had a good idea that they were hot". Appellant concedes that the evidence produced by the prosecution, other than that whereby his extrajudicial statements were proven, was sufficient to establish, first, that the dresses were stolen, second, that they were found in appellant's possession near the premises from which they were stolen within a short time after they were last seen in the store of the owner, third, appellant's possession of them was attended by suspicious circumstances. He contends, however, that there is no evidence other than his extrajudicial statements which in any respect tended to prove that some person other than himself had stolen the property and that there-

fore a necessary element of the crime with which he was charged, viz.: felonious reception, was lacking, hence the required proof of the *corpus delicti* was not made out and the admission of his extrajudicial statements was erroneous. With this contention we cannot agree. The case of *People* v. *Jacobs*, 73 Cal. App. 334 [238 Pac. 770], upon which appellant relies is authority for the proposition that it is the rule in California that proof of possession of stolen property together with suspicious circumstances is sufficient to justify a conviction of the crime of receiving stolen property but that the rule is not applicable unless there is some evidence that the property which is found in the possession of the accused was stolen by some person other than the individual charged with illicit reception. It is obvious that the limitation on the application of the rule is proper. The very nature of the crime of illicit reception furnishes ample reason for the existence of the limitation. The gist of the offense is that an accused shall have received the property from another with guilty knowledge. Possession of stolen property, even when accompanied by suspicious circumstances, does not of itself furnish sufficient proof of the *corpus delicti* since such evidence points just as strongly to larceny by the accused as it does to his guilt of the crime of felonious reception and the two crimes are inconsistent. Obviously, if a person is actually a thief he cannot possibly be guilty of receiving the very property which he himself stole.

Our disinclination to agree with appellant's contention that there was a failure of proof of the *corpus delicti* arises from the fact that we cannot concede that the record is entirely bare of proof that some person other than himself stole the property which was found in his possession. Evidence was produced which showed that the three dresses were displayed to three women about 2:30 P. M. of June 3d, that at no time between 2:30 P. M. and 4 P. M. of the above day was appellant seen in the particular department of the store where the dresses were kept, although the ladies' ready-to-wear department occupied a relatively small space, that at approximately 4 P. M. of the same day appellant was seen on a street near the store from which the dresses were stolen and at this time he was accompanied by a woman

from whom he separated immediately after he observed the witness Ortiz.

It is apparent that the circumstance that appellant was not seen in the ladies' ready-to-wear department of the Penney store in the comparatively short space of time that elapsed between the time that the dresses were exhibited to prospective female customers and the time when he was seen walking along a near-by street with his female companion is perhaps the only evidence which may fairly be said to point to the fact that the dresses were actually stolen by someone other than appellant. Admittedly, this evidence is not only circumstantial but is purely negative in character. Nevertheless, it is some evidence that tends to prove that some person other than appellant stole the dresses. It was shown that the ladies' ready-to-wear department of the store occupied a comparatively small space, that only two employees had charge of it, and that the employee who was available as a witness at the time of trial did not leave her post of duty between the time she exhibited the dresses and the time it was discovered they had been stolen. It is settled in California by a long line of decisions that to justify the reception of evidence of extrajudicial statements or admissions of a defendant the prosecution is not required to establish the *corpus delicti* by proof of the clear and convincing character which is necessary to support a conviction but that slight or *prima facie* proof of the *corpus delicti* is sufficient. (*People* v. *Selby,* 198 Cal. 426, 434 [245 Pac. 426] ; *People* v. *Vertrees,* 169 Cal. 404 [146 Pac. 890] ; *People* v. *Hill,* 2 Cal. App. (2d) 141, 155 [37 Pac. (2d) 849] ; *People* v. *Bonilla,* 114 Cal. App. 219, 225 [299 Pac. 784] ; *People* v. *Wilcoxin,* 69 Cal. App. 267 [231 Pac. 377] ; *People* v. *Alba,* 52 Cal. App. 603 [199 Pac. 894].) It is also settled that the requisite preliminary element of *corpus delicti* may be proved by circumstances shown in evidence or by inferences drawn from proven facts. (*People* v. *Vicunia,* 105 Cal. App. 145 [286 Pac. 1061] ; *People* v. *Ford,* 85 Cal. App. 258 [258 Pac. 1111].) Direct or positive evidence is not essential. (*People* v. *Wilkins,* 158 Cal. 530 [111 Pac. 612] ; *People* v. *Hudson,* 139 Cal. App. 543 [34 Pac. (2d) 741].) Furthermore, it should be noted that the prosecution in making a *prima facie* showing of the *corpus delicti* was not required to go further than to furnish proof

that appellant himself did not steal the property. In other words, the nature of the particular offense of which appellant was accused is such that the *corpus delicti* may be shown by proof of a negative, and in such case evidence of a negative character is sufficient. (*People* v. *McWilliams,* 117 Cal. App. 732 [4 Pac. (2d) 601]; *People* v. *Macbeth,* 104 Cal. App. 690 [286 Pac. 448].)

The judgment from which this appeal is taken is therefore affirmed.

Barnard, P. J., and Marks, J., concurred.