[Crim. No. 3510.   First Dist., Div. One.   June 1, 1959.]

THE PEOPLE, Respondent, v. HENRY KOT, Appellant.

Edward L. Cragen for Appellant.

Stanley Mosk, Attorney General, Clarence A. Linn, Assistant Attorney General, and Edward P. O'Brien, Deputy Attorney General, for Respondent.

WOOD (Fred B.), J.—Convicted of receiving stolen property (Pen. Code, § 496), defendant asserts in support of his appeal from the judgment and the order denying a new trial (1) insufficiency of the evidence and (2) error in the refusal of certain instructions requested by defendant.

(1) *The claim of insufficiency of the evidence* is predicated upon the asserted lack of evidence of the circumstances under

which defendant obtained the stolen property; i.e., whether he obtained it by theft from the owner or from some other person after the theft had been accomplished. He cites three cases in support of this thesis.

In *People* v. *Jacobs,* 73 Cal.App. 334 [238 P. 770] (hearing by Supreme Court denied) the court was considering what inferences might be drawn from the fact that stolen property is found in the possession of a person immediately or soon after the property was stolen, and reviewed the case law of other states. It observed that in some states such facts would warrant an inference of guilt of larceny but not of receiving stolen goods; in some, that such possession when attended by suspicious circumstances will justify a conviction of receiving stolen property; and in others that such possession when not satisfactorily explained will support a conviction of receiving stolen goods.

The court then formulated and declared for California a rule that recent "possession of the stolen property, with attending suspicious circumstances, is evidence of larceny and not evidence upon the charge of receiving stolen goods unless "there is evidence that the property charged to have been feloniously received was stolen by some person other than the individual charged with illicitly receiving it." (P. 341.) It found in defendant's evidence proof that he was not at the scene of the theft at the time of its occurrence, and in evidence which pointed to a certain other person as the thief, support for an implied finding of the jury that the property was stolen by some other person than the defendant, and affirmed the judgment of conviction.

In *People* v. *Bausell,* 18 Cal.App.2d 15 [62 P.2d 774], the court approved and similarly applied the rule enunciated in the Jacobs case. Three dresses had been stolen from a certain department store. They had been shown to three women, prospective customers, at 2:30 p.m. Between that hour and 4 p.m. of the same day, when the dresses were found in defendant's possession upon a street near the store, the sales clerk who exhibited the dresses was continuously on duty. She did not see defendant in the department concerned at any time during that period. The court held this was "some evidence that tends to prove that some person other than appellant stole the dresses" (p. 19), which satisfied the rule laid down in the Jacobs case.

*People* v. *Foogert,* 85 Cal.App.2d 290 [193 P.2d 14], involved a charge of unlawful concealment of an automobile

(Pen. Code, § 496bb, now § 496). Defendant complained of an instruction which would have permitted the jury to find him guilty of the charge even if he were the thief. The court deemed it unnecessary to decide whether the rule of the Jacobs case applies to a concealment case. It found "in statements by defendant to police officers that he purchased the motor from a Los Angeles dealer; that the car was his; that he bought it from a veteran, and [in] his statement to the owner of the garage where it was stored that the car belonged to his brother," proof "which more than satisfies the evidentiary requirement as stated in" the Jacobs case. (P. 300.)

In our case also there is evidence that satisfies the requirement of the Jacobs case. A 1956 motorcycle belonging to Edwin Olson was stolen from him on November 8, 1956. On May 2, 1957, the engine which was attached to and a part of the Olson motorcycle at the time of the theft was found in the possession of defendant Kot. It had been installed in a 1950 motorcycle which he had bought in March of 1956. It had been substituted for the engine which was in that cycle when purchased by defendant. The number of the replaced engine had been stamped over the number of the stolen engine. This evidence would support an inference that defendant knew that the engine now in his motorcycle was stolen. "Possession of stolen property, accompanied by suspicious circumstances [such as alteration of stolen property to prevent identification], will justify an inference that the property was received with knowledge that it had been stolen." (*People* v. *Malouf,* 135 Cal.App.2d 697, 706 [287 P.2d 834] (hearing by Supreme Court denied), citing *People* v. *Lopez,* 126 Cal.App.2d 274, 278 [271 P.2d 874].)

This prima facie showing that the stolen engine was received with knowledge that it was stolen "is all that is required as a foundation for the introduction in evidence of extrajudicial statements of defendant; and the order of proof is discretionary." (*People* v. *Malouf, supra,* p. 706.) Thus, by evidence independent of defendant's statements, just as in the Malouf case, the corpus delicti was established.

In his statements to the police officers defendant at first denied owning or driving the motorcycle and then admitted driving it. Later, he said the motorcycle was not stolen. He would not account for the altered engine number. He refused to state whether the engine now in the motorcycle was there when he purchased it. His declaration that the motorcycle was not stolen was some evidence that the engine

in it was not stolen by him, thus making way for an inference that he "received" the engine, did not himself steal it.

In addition, defendant failed to take the witness stand. "It was within his power to deny or explain the evidence against him. His failure to deny or explain such evidence could be considered by the trial judge 'as tending to indicate the truth of such evidence, and as indicating that among the inferences that may reasonably be drawn therefrom, those unfavorable to the defendant are the more probable.' (*People* v. *Adamson*, 27 Cal.2d 478, 488-489 [165 P.2d 3]; *People* v. *Steccone*, 36 Cal.2d 234, 239 [223 P.2d 17].)" (*People* v. *Malouf*, *supra*, 135 Cal.App.2d 697, 708.)

(2) *Was it prejudicial error to refuse defendant's instruction that there must be evidence that defendant was not the thief? No.*

Defendant's requested instruction[1] on this subject conditioned conviction upon proof that the stolen engine "was stolen by some person other than the" defendant. Indeed, it directed an acquittal should the jury find that "there is no evidence to show the defendant is not the thief of the property in question."

This is not an accurate statement of the principle for which the Jacobs, Bausell and Foogert cases stand. That principle is that the possession which a person obtains as a thief by a physical taking from the owner is not the kind of "receiving" of the goods which is envisaged by section 496 of the Penal Code. Nor could such a thief deliver the stolen goods to and "receive" them from himself within the purview of that statute.[2] But if defendant is a thief in the sense of being liable as a principal when a mere accessory and not an actual participant in the physical taking of the property, he would

---

[1] "'Possession of stolen articles, together with suspicious circumstances, justifies a conviction upon the charge of receiving stolen property, provided that there is evidence that the property charged to have been feloniously received was stolen by some person other than the individual charged with illicitly receiving it. If you find that there is no evidence to show that the defendant is not the thief of the property in question, you must then bring in a verdict of 'not guilty' of the crime of receiving stolen property."

[2] It seems pertinent to observe that the courts of the various states are not in harmony on the question of the legal effect of the unexplained possession of recently stolen goods; i.e., whether it is itself evidence of theft or of the receipt of stolen goods, or of both, or of neither.

But all courts appear to be in agreement that such possession is a circumstance to be considered with all other evidence in the case on the question of guilty knowledge. (See 68 A.L.R. 187.)

be culpable under section 496 if he later receives it from the actual perpetrator. (*People* v. *Day*, 30 Cal.App. 762 [159 P. 457]. See also *People* v. *Stoddard*, 48 Cal.App.2d 86, 89-90 [119 P.2d 160].) It is conceivable, also, that a thief might dispose of the fruits of his theft and some time later again take possession as a part of a new transaction quite separate and distinct from the original caption and asportation. He would still be the thief but, we think, under the circumstances described, quite capable of being a receiver punishable under section 496 of the code.

We find no error in the refusal of the requested instruction. The instructions which the court gave properly and adequately informed the jury of the elements of the crime charged and other pertinent factors. They were similar in all essential respects to the instructions that were approved in *People* v. *Scott*, 108 Cal.App.2d 231, 234 [238 P.2d 659].

■ (3) *Was it error to refuse defendant's instruction concerning the difference between the burden of proof in civil and in criminal cases? No.*

The court gave the jury proper and adequate instructions on the prosecution's burden of proof in a criminal case, principally in the terms of the text of section 1096 of the Penal Code.

Defendant does not question the accuracy thereof but claims that in the instructions given the jury when the evidence was all in, the court should also have described the difference between the burden of proof of a plaintiff in a criminal case from that in a civil case because one of the jurors had previously served in a civil case.

We find no merit in this point, especially in view of the fact that when that juror's previous service developed upon the *voir dire* examination of prospective jurors the court explained that difference, asked the juror if he understood the difference and if he would accept the court's instructions on the People's burden of proof in a criminal action, to which questions the juror gave affirmative answers.

The judgment and the order denying a new trial are affirmed.

Bray, P. J., and Tobriner, J., concurred.