137 N.J. Super. 300 (1975)
349 A.2d 68
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
PHILIP HOLDER, SR., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 12, 1975.
Decided November 21, 1975.
*302 Before Judges HALPERN, CRANE and MICHELS,
Mrs. Susan T. Sinins, Assistant Deputy Public Defender, argued the cause for appellant (Mr. Stanley C. Van Ness, Public Defender of New Jersey, attorney).
Mr. Peter N. Gilbreth, Deputy Attorney General, argued the cause for respondent (Mr. William F. Hyland, Attorney General of New Jersey, attorney).
The opinion of the court was delivered by HALPERN, P.J.A.D.
Defendant was convicted by a jury, on a two-count indictment, of receiving a stolen tractor and a stolen trailer in violation of N.J.S.A. 2A:139-3. His application for a new trial was denied, and he appeals from the judgment of conviction.
Without detailing all the facts, we are satisfied from our examination of the record that the jury could find from the State's proofs that the tractor in question had been stolen in Connecticut on July 24, 1973 from its owner, Ryder Truck Rentals, and that the trailer in question had been stolen in New Jersey, on or about August 3, 1973, from its owner, T.P. Storage and Leasing Company, while it was in the custody of Thermo King, a company engaged in the business of repairing trailers. On August 9, 1973 the tractor and trailer were found in defendant's possession in Metuchen, New Jersey. When questioned by the police defendant told them he had rented and obtained possession of the tractor in New York and that he had also rented the trailer *303 which he took possession of in New Jersey while it was parked on the side of a roadway. The jury could infer from all the proofs presented that defendant knew the tractor and trailer had been stolen when he received them.
A distillation of defendant's testimony substantiates his story to the police as to how and where he obtained the tractor and trailer. He testified to the details as to what ownership papers were given to him by a stranger and how he had utilized the tractor and trailer until apprehended in Metuchen. He denied knowing the tractor and trailer had been stolen.
Defendant was tried under N.J.S.A. 2A:139-3 which provides:
Any person who receives or purchases a motor vehicle knowing it to have been stolen, is guilty of a high misdemeanor, and shall be punished by a fine of not more than $5,000, or by imprisonment for not more than 10 years, or both.
We turn first to the conviction concerning the tractor. Defendant contends the proofs are uncontradicted that he received the tractor in New York and, therefore, New Jersey was without jurisdiction to prosecute him under N.J.S.A. 2A:139-3. The State argues that the offense under the statute is a continuing one, and defendant's possession in New Jersey was sufficient to convict under the statute. We disagree with the State's contention. The statute proscribes the receiving or purchasing of a motor vehicle knowing it to have been stolen, and makes the offense a high misdemeanor. It is our view, although there is a paucity of authority on the subject, that the offense is not a continuing one. We interpret the statute as making it mandatory for the State to prove three elements in order to convict, namely, (a) the property in question was stolen, regardless of where it was stolen, (b) defendant either received or bought the stolen property in New Jersey and (c) he knew at the time of its receipt or purchase that it had been stolen. See *304 76 C.J.S. Receiving Stolen Property § 5 a(4) at 7; 2 Wharton, Criminal Law and Procedure, § 574 at 294.
Our holding is fortified by the provisions of N.J.S.A. 2A:119-9 which provides:
Any person who, having at any place without this state stolen the property of another, or received such property knowing it to have been stolen, brings the same into this state, is guilty of a misdemeanor.
Complaint may be made and the indictment found and tried, and the offence may be charged to have been committed in any county into or through which the stolen property is brought.
A violation of this statute is made a misdemeanor. It reveals the legislative intent to make the receiving statute a different and more serious offense than the bringing of stolen motor vehicles into the State. One seeks to proscribe receiving stolen motor vehicles in New Jersey knowing them to be stolen; the other seeks to prevent bringing stolen motor vehicles into New Jersey knowing them to be stolen. It is hardly necessary to point out that there is a significant difference between "receiving" something and "possessing" it. If N.J.S.A. 2A:139-3 is construed as a continuing offense, there would be no need for the adoption of N.J.S.A. 2A:119-9. The intent to adopt a needless statute, less serious in degree, cannot be ascribed to the Legislature. See N.J. Builders v. Blair, 60 N.J. 330, 338-339 (1972); Robson v. Rodriquez, 26 N.J. 517 (1958). Unquestionably, N.J.S.A. 2A:139-3 and N.J.S.A. 2A:119-9 relate to cognate subjects, dealing as they do with stolen motor vehicles, and even though they are not strictly in pari materia, we must construe them with the thought of giving unity to the laws on the subject, in order to arrive at the legislative intent. Our judicial function is to reach that goal to the extent permitted by the legislative language. State v. Hatch, 64 N.J. 179 (1973); State v. Brown, 22 N.J. 405, 415 (1956). So viewed, we conclude that the offenses proscribed in N.J.S.A. 2A:139-3 are not continuing ones.
*305 Having concluded that N.J.S.A. 2A:139-3 and N.J.S.A. 2A:119-9 create separate offenses with differing elements, there is no merit to the State's argument that we should mold the verdicts so as to convict defendant of bringing a stolen trailer into New Jersey in violation of N.J.S.A. 2A:119-9. See State v. Grothmann, 13 N.J. 90, 94-95 (1953). The State having failed to carry its burden of proving beyond a reasonable doubt that defendant received the tractor in New Jersey, the trial judge erred in denying defendant's motion for judgment of acquittal on that charge.
We now turn to the conviction for receiving the stolen trailer. As heretofore indicated, the State's proofs, as well as defendant's admissions, clearly indicate that defendant had received the stolen trailer and first exercised dominion and control over it in New Jersey. The nature of the circumstantial proofs were so strong that the jury could readily find that defendant knew the trailer had been stolen when he picked it up in New Jersey. Under the circumstances, defendant's motion for judgment of acquittal was properly denied. State v. Conyers, 58 N.J. 123 (1971); State v. Reyes, 50 N.J. 454, 459 (1967). Nor was the variance between the indictment and the proofs as to the date defendant received the trailer in New Jersey sufficiently prejudicial to warrant reversal. Defendant was neither surprised nor prejudiced.
What we have just said is dispositive of defendant's assertion that the verdict was against the weight of evidence requiring the trial judge to grant a new trial. There has not been a clear showing that a miscarriage of justice under the law took place. R. 2:10-1; Dolson v. Anastasia, 55 N.J. 2, 6-8 (1969).
Defendant further contends, as plain error, that the charge to the jury was inadequate. Considering this charge as a whole, as we are obligated to do, it properly and fairly instructed the jury on all the elements of the cause of action for receiving the stolen trailer in New Jersey based on the evidence adduced at the trial. State v. Wilbely, 63 N.J. 420 *306 (1973). The fact questions presented were appropriately left for determination by the jury. We find no error, let alone plain error.
Finally, we turn to the issue of sentence. The defendant was charged and convicted on two counts relating to separate offenses. In imposing sentence, the trial judge erroneously imposed but one sentence without specifying on which conviction he was acting. Separate sentences should have been imposed on each count. State v. Green, 129 N.J. Super. 157, 167 (App. Div. 1974).
In summary, we reverse defendant's conviction for receiving the stolen tractor and affirm his conviction for receiving the stolen trailer. The matter is remanded to the trial judge for resentencing on the conviction for receiving the stolen trailer. Jurisdiction is not retained.