## State of Vermont v. David B. Longway

[400 A.2d 1002]

No. 26-78

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed April 3, 1979

*Mark J. Keller*, Chittenden County State's Attorney, and *Thomas F. Garrett*, Deputy State's Attorney, Burlington, for Plaintiff.

*James L. Morse*, Defender General, *William A. Nelson*, Appellate Defender, and *David W. Curtis*, Acting Appellate Defender, Montpelier, for Defendant.

Billings, J. The defendant-appellant was charged with receiving stolen property in violation of 13 V.S.A. § 2561. Originally the defendant was charged with both receiving and concealing stolen property, but before trial the information was amended to charge only receiving. The case was tried before a jury. At the close of the State's evidence, the defendant moved for a judgment of acquittal on the ground that the State had not proven the offense by sufficient evidence. The trial court denied the motion and defendant appeals his conviction on the charge.

The defendant argues that the evidence was insufficient to support the conviction in three respects. He points out that there was no proof that he received the stolen property in Vermont, no proof that he received it from a wrongful possessor, and no direct proof of knowledge on his part that the property was stolen. The defendant also assigns as error one of the trial judge's instructions to the jury on the elements of the offense. Since we hold that a conviction for receiving stolen property cannot be supported in the absence of proof of a receiving within this jurisdiction, it is unnecessary to discuss the other claims of error.

The evidence disclosed that a 1974 Plymouth Trail Duster automobile was missing from a car dealership located in Newcastle, Maine, in March of 1976. Subsequently, the defendant and another man attempted to sell the automobile in Burlington, Vermont. At that time the car had the Maine car dealer's emblem attached to it and bore Maine dealer plates. The defendant and his associate removed the plates and advised their

purchaser to keep the car hidden for a time. A sale at a price vastly below the market value was then consummated. No evidence was introduced as to who stole the car in Maine, or as to when and where the defendant came into possession.

■ Our statute establishing the punishment for, and the venue for trying a charge of, receiving stolen property, 13 V.S.A. § 2561, is as follows:

> A person who buys, receives, or aids in the concealment of stolen property, knowing the same to be stolen, shall be punished the same as for the stealing of such property. Such buyer, receiver or concealer may be prosecuted and punished in the county court in the county or in the district court in the territorial unit where the person stealing the property might be prosecuted, although such property is bought, received or concealed in another county or territorial unit.

The statute does not define the elements of the offense, and we must look to the common law to discover its essential elements. *State* v. *Guppy,* 129 Vt. 591, 594, 285 A.2d 717, 719 (1971). Under common law the essential elements of receiving stolen goods are knowledge that the goods were stolen and a receiving with unlawful intent. *Id.* at 595, 285 A.2d at 720; *State* v. *Bannister,* 79 Vt. 524, 527, 65 A. 586 (1907).

■ Receiving is the act of coming into possession, and in order to prove the offense as charged here, the State had the burden to show that the act occurred in the prosecuting jurisdiction. Despite the State's contentions, the crime of receiving is not a continuing offense from jurisdiction to jurisdiction, *State* v. *Holder,* 137 N.J. Super. 300, 303–04, 349 A.2d 68, 69–70 (1975). Whatever the vitality of *State* v. *Bartlett,* 11 Vt. 650 (1839), announcing the rule in Vermont that larceny is a continuing offense, it has no application to the present case. The offenses of larceny and receiving stolen property are separate, distinct, and inconsistent. *People* v. *Daghita,* 301 N.Y. 223, 93 N.E.2d 649 (1950). See *People* v. *Bausell,* 18 Cal. App. 2d 15, 17–18, 62 P.2d 774, 775–76 (1936). While the fact that knowing concealment of stolen property is a crime may, as a practical matter, turn receiving stolen property into a con-

tinuing offense from jurisdiction to jurisdiction, concealment was not charged here.

The trial court, in the absence of proof of a receiving in Vermont, should have granted the defendant's motion for acquittal.

*Judgment and sentence vacated and judgment of not guilty entered.*