### State of Vermont v. Robert E. Bleau

[428 A.2d 1097]

No. 430-79

Present: Barney, C.J., Larrow, Billings and Hill, JJ., and Shangraw, C.J. (Ret.), Specially Assigned

Opinion Filed February 3, 1981

306

*Mark J. Keller*, Chittenden County State's Attorney, *Robert V. Simpson, Jr.*, Deputy State's Attorney, and *Alvin E. Dunnem*, Law Clerk (On the Brief), Burlington, for Plaintiff.

*James L. Morse*, Defender General, *William A. Nelson*, Appellate Defender, and *Jackqueline Majoros, Law Clerk* (On the Brief), Montpelier, for Defendant.

**Hill, J.** The defendant was found guilty by a jury of receiving stolen property in violation of 13 V.S.A. § 2561. Following the verdict, the defendant moved for a judgment of acquittal. From a denial of that motion and the entering of a judgment of conviction, the defendant appeals.

The defendant was apprehended in downtown Burlington by police responding to a burglar alarm at the Woolworth Store. He was seen walking down a main street in the vicinity, apparently clutching an object to his chest. As police drove in his direction the defendant ran away, but was caught after a short chase. Ordered to put his hands against the side of a building, the defendant raised his arms and two cameras, one with a Woolworth's price tag, fell from under his shirt.

Subsequent investigation revealed a broken window in the Woolworth Store, and traces of blood at that point. At the time of arrest, the defendant's hand was cut and there was fresh blood on it. Inside the store was a broken case, from which the two cameras had been removed.

The defendant claimed, both at the time of the arrest and again in his testimony at trial, that he intended to turn the cameras over to the police. He had a record as a police informer. He said he was in the neighborhood of the Woolworth Store, heard glass breaking, and investigated. He said he saw two male figures run from the rear of the store, get into a car and drive away. He noted the make, color and registration number of the vehicle. The defendant claims he then found the store window broken and saw two cameras, one inside the store and the other on the ground outside the store. He allegedly picked them up and stuffed them inside his clothing. The de-

fendant said he knew the cameras were stolen and was taking them to the police when arrested.

Shortly after the defendant's arrest, police found a car near the scene fitting the description the defendant had given. Two women were in the front seat and two men in the back. The men were frisked and the car searched, but no stolen property was found. The defendant, still standing on the street, was unable to identify the men. The car occupants were then released.

The State's Attorney's information charged the defendant:

> was then and there a person who received stolen property, two Minolta cameras, knowing the same to be stolen . . . in violation of 13 V.S.A. § 2561.

■■ Since the Vermont statute does not define the elements of the offense charged, we must look for guidance in the common law. *State* v. *Longway,* 137 Vt. 165, 167, 400 A.2d 1002, 1003 (1979). The common law elements of receiving stolen goods are knowledge that the goods were stolen and receiving them with an unlawful intent. *State* v. *Guppy,* 129 Vt. 591, 595, 285 A.2d 717, 720 (1971).

Defendant challenges the conviction on several grounds, but it is necessary for us to examine only one. The gravamen of his claim is that the defendant did not "receive" stolen goods, and the State's evidence supporting the charge was not sufficient to go to the jury.

■ The State must prove beyond a reasonable doubt all essential elements of the crime charged. *State* v. *Green,* 126 Vt. 311, 312, 228 A.2d 792, 793 (1967). A superabundance of evidence supporting one element of a crime will not suffice to excuse the State from meeting its burden as to the other essential elements. *State* v. *Carter,* 138 Vt. 264, 269, 415 A.2d 185, 188 (1980). "Receiving" is the acceptance of possession by delivery and by implication involves a transfer from another individual. See *In re Emerson,* 250 So. 2d 439, 441 (La. App. 1971). The crimes of receiving stolen goods and larceny are inconsistent, *State* v. *Longway, supra,* 137 Vt. at 167, 400 A.2d at 1003, so that a person who is actually a thief cannot be guilty of receiving the very property which he himself stole. See *People* v. *Bausell,* 18 Cal. App. 2d 15, 62 P.2d 774 (1936).

That is not to say, however, that the State must prove that the accused is not a thief before there can be a conviction. *State v. Carter*, 293 Minn. 102, 196 N.W.2d 607, 609 (1972). Still, the State must prove beyond a reasonable doubt that there was a receiving of the goods from another person.

We held in *State v. Driscoll* that a jury may infer that a defendant received stolen goods if there is an unexplained possession of recently stolen property. 137 Vt. 89, 101, 400 A.2d 971, 978 (1979). However, such permissive presumption is only valid and the ultimate fact, in this case receiving, can be found to be true upon proof of another fact only if upon consideration of all the circumstances revealed by the evidence the jury is satisfied that in logic and common experience the ultimate fact is more likely than not to follow from the fact proved. See *County Court of Ulster County, New York v. Allen*, 442 U.S. 140, 165 (1979). In other words, inferences may serve to support a jury's finding of guilt beyond a reasonable doubt only if there is "a logical and convincing connection between the facts established and the conclusion inferred." *United States v. Bycer*, 593 F.2d 549, 550 (3d Cir. 1979). See also *United States v. Burns*, 597 F.2d 939 (5th Cir. 1979).

Our review of the verdict does not involve weighing the credibility of the witnesses, and we must view the evidence in the light most favorable to the State. See *State v. Ballou*, 127 Vt. 1, 3, 238 A.2d 658, 660 (1968). However, since the State's evidence rests on a chain of inferences, we must decide whether the proved facts logically support the inferences. See *Bycer, supra*, 593 F.2d at 550. We find that the verdict is unsupportable. There is not a shred of evidence to support an inference that the accused received stolen property from another person. As to at least one camera, the one within the store, there was no evidence that it was ever stolen at all before coming into the defendant's possession. All the inferences to be drawn from the facts indicate that the defendant either found or stole the articles.

Although it is within the prosecutor's discretion to decide what charge to levy against an accused, it is difficult in this case to imagine why the defendant was charged with a violation of 13 V.S.A. § 2561. The lack of evidence as to the "receiv-

ing" element of the offense dictates that we reverse the conviction.

*The judgment is reversed and the verdict is ordered set aside. Judgment is entered that the appellant is not guilty and is to be discharged from any confinement based on this charge. To be certified forthwith.*