# State of Vermont v. Earl R. Whitney

[591 A.2d 388]

No. 89-560

Present: Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.

Opinion Filed March 1, 1991

Motion for Reargument Denied April 5, 1991

*John T. Quinn*, Addison County State's Attorney, Middlebury, for Plaintiff-Appellee.

*Margaret A. O'Rourke, Bonnie Barnes* and *Lauren Mickey*, Law Clerk (On the Brief), of *Sessions, Keiner, Dumont, Barnes & Everitt*, Middlebury, for Defendant-Appellant.

**Allen, C.J.** Defendant appeals the sentence imposed on his conviction for driving under the influence of intoxicating liquor. We affirm.

At sentencing the court granted defendant's motion to strike a 1974 DUI conviction, but refused to strike a 1985 DUI conviction. Defendant claimed that the 1985 conviction, based on a

guilty plea entered while defendant was represented by counsel, was invalid under V.R.Cr.P. 11(f). Defendant argued that the court in that proceeding had not shown that it was satisfied that there was a "factual basis for the plea," as required by the Rule, and had not shown that the elements of the offense were explained to defendant, with the result that the State could not demonstrate the voluntariness of the plea. See *In re Dunham*, 144 Vt. 444, 448–49, 479 A.2d 144, 147 (1984).

As a threshold matter, defendant offers no authority for the proposition that a prior DUI conviction, obtained in a proceeding in which defendant was represented by counsel and which was not subsequently appealed, must be disregarded in a sentencing hearing in a subsequent proceeding because of an error of law in the first proceeding.\*

■■ Even if defendant were to overcome that barrier, we do not find persuasive his contention that Rule 11(f) and the federal constitution were violated in his 1985 plea. While it is the better practice for the court, when considering whether to accept a guilty plea, to explain to the defendant the elements of the offense and the factual allegations comprising the offense, see *In re Kasper*, 145 Vt. 117, 120–21, 483 A.2d 608, 610–11 (1984); *Dunham*, 144 Vt. at 451, 479 A.2d at 148, this is not a per se rule. "The nature of the inquiry required by Rule 11 must necessarily vary from case to case, and, therefore, we do not establish any general guidelines other than those expressed in

---

\* In *Burgett v. Texas*, 389 U.S. 109 (1967), and *United States v. Tucker*, 404 U.S. 443 (1972), the Supreme Court held that a court cannot consider previous uncounseled felony convictions when imposing sentence. Some states have applied the principle to cases raising the issue of enhanced DUI convictions for cases involving noncustodial sentences. See, e.g., *State v. Dowd*, 478 A.2d 671, 676–78 (Me. 1984). *Tucker* has also been construed by some courts to apply to constitutional deprivations beyond the Sixth Amendment right to counsel, including voluntariness of a plea. *United States v. Johnson*, 612 F.2d 305, 307 (7th Cir. 1980). See generally Leake, *Limits to the Collateral Use of Invalid Prior Convictions to Enhance Punishment for a Subsequent Offense: Extending Burgett v. Texas and United States v. Tucker*, 19 Colum. Hum. Rts. L. Rev. 123, 142–45 (1987) (discussing *United States ex rel. Stubbs v. Mancusi*, 442 F.2d 561, 562 (2d Cir. 1971) (Sixth Amendment right to confrontation); *Beto v. Stacks*, 408 F.2d 313, 316–17 (5th Cir. 1969) (unlawful search and seizure)). We need not reach that issue in the present case.

the Rule itself. . . . In all such inquiries, '[m]atters of reality, and not mere ritual, should be controlling.'" *McCarthy v. United States*, 394 U.S. 459, 467 n.20 (1969) (quoting *Kennedy v. United States*, 397 F.2d 16, 17 (6th Cir. 1968)). For the Rule 11(f) inquiry, "no mechanical rules can be stated, and the more complex or doubtful the situation . . ., the more searching will be the inquiry dictated by a sound judgment and discretion." *United States v. Dayton*, 604 F.2d 931, 938 (5th Cir. 1979); cf. *State v. Gabert*, 152 Vt. 83, 88–90, 564 A.2d 1356, 1359–60 (1989) (rejecting defendant's claim that, because an implied element of the offense was not explained to him, the court failed to determine that defendant understood the nature of the charge; facts of case conclusively established the implied element).

The elements of this offense were readily understandable. Defendant was clearly informed at the 1985 plea hearing that he was charged with DUI. At that time defendant was not a stranger to the DUI law. It was his third conviction. The court satisfied itself that there was a factual basis for the plea by examining the affidavit of the arresting officer, which the record indicates was supplied to defendant. We hold on these facts that Rule 11(f), and the constitutionally required determination of voluntariness which the Rule 11(f) inquiry is meant to address, were satisfied. See *Swensen v. Municipality of Anchorage*, 616 P.2d 874, 880–81 (Alaska 1980) (Alaska Rule 11(f) satisfied by reading of drunk driving charge and subsequent plea).

*Affirmed.*

