In Re:  Bernard Benoit, No. 73-4-05 Ancv  (Reiss, J., July 12, 2005)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]


STATE OF VERMONT
ADDISON COUNTY, SS.

|                          |   |                         |
|--------------------------|---|-------------------------|
|                          | ) |                         |
| IN RE BERNARD BENOIT     | ) | Addison Superior Court  |
|                          | ) |                         |
|                          | ) | Docket No. 73-4-05 Ancv |
|                          | ) |                         |
|                          |   | )                       |


OPINION AND ORDER REGARDING PETITIONER'S MOTION FOR REVIEW
UNDER 13 V.S.A. § 7131 AND MOTION TO VACATE SENTENCE

        This matter comes before the court on the above-captioned motions by Petitioner Bernard Benoit.  Petitioner requests post-conviction relief pursuant to 13 V.S.A. § 7131, claiming that the Addison District Court violated his due process rights when it entered judgment on his plea without sufficiently inquiring into the facts supporting the crime for which he was convicted.  The State's Attorney for Addison County and the Vermont Attorney General have received requisite notice of this petition and Petitioner's pending motions.  The court has reviewed a video recording of Petitioner's August 2, 2004 change of plea hearing in which the District Court conducted the plea colloquy pursuant to V.R.Cr.P. 11 and has invited the parties to do so as well.

**Findings of Fact**

        Petitioner was originally charged with grand larceny, 13 V.S.A. § 2501, and driving with a suspended license, 23 V.S.A. § 674.  At a change of plea hearing on August 2, 2004, the State amended the charge to one count of possession of stolen property, 13 V.S.A. § 2561(b), and Petitioner pleaded guilty.

        The court began to take Petitioner's plea by reading the amended charge:

> Court: That on December 1, 2003, in Monkton, you possessed property valued over $500 knowing that it was stolen, specifically a video camera with equipment, jewelry, a rifle with ammunition, and a half-gallon bottle of whiskey, stolen from Kevin and Pamela Corrigan, and valued at approximately $1,950. Do you understand that?
>
> Petitioner: Yup.

The court then proceeded with V.R.Cr.P. 11(c) and 11(d) colloquies, which Petitioner does not contest. When the court began to address the factual basis for the amended charge, the colloquy proceeded as follows:

> Court: Is it in fact true that you did have the described property in your possession?
>
> Petitioner: Yes.
>
> Court: And did you at that time know that it was stolen property?
>
> Petitioner: No.
>
> Court: OK, then we have a problem. . . . How did you get the property, Mr. Benoit?
>
> Defense counsel: Actually, judge, I'm sorry. We haven't seen the amended information, yet, but I know that if you ask Mr. Benoit if he could admit that at some point he was in possession of a video camera and video camera equipment and a rifle and a bottle of whiskey, he would be able to truthfully tell you that at some point he came to realize that that property was stolen, that it was stolen from the Corrigans, and that he did not take any steps to return it to the Corrigans or to the police.

The State's Attorney then struck the portion of the amended charge related to jewelry, despite an agreement among both parties that Petitioner would still be liable for restitution for these items if they were not returned. The court then continued the colloquy:

> Court: So, Mr. Benoit, putting aside the jewelry, do you agree that you had the other property at some point in your possession and you knew then that it was stolen—
>
> Petitioner: Yes.

2

Court: —or you knew at some point—

Petitioner: Yes.

Court: And it was just the jewelry that you say you didn't have—

Petitioner: Correct.

Court: or didn't know was stolen? OK. In that case, I will accept your guilty plea. I do see a factual basis.

The court then entered judgment of guilty and sentenced Petitioner to 1–3 years, to serve.

Petitioner argues that the court violated V.R.Cr.P. 11(f) by not adequately inquiring into the factual basis for his plea. Specifically, Petitioner claims that the court never ascertained or inquired into any facts regarding his intent to restore the property to its owner. Section 2561(b) of Title 13 provides that a defendant cannot be guilty of the crime charged if the defendant has "the intent to restore [the stolen property] to the owner."

## Conclusions of Law

A petitioner is entitled to post-conviction relief pursuant to 13 V.S.A. § 7131 where the petitioner's sentence "was imposed in violation of the constitution or laws of the United States, or of the state of Vermont." Because V.R.Cr.P. 11 is intended to protect against due process violations where a court enters judgment on an involuntary or unknowing plea, Reporter's Notes, V.R.Cr.P. 11, a violation of the rule may be grounds for post-conviction relief. *See, e.g.*, *In re Kasper*, 145 Vt. 117, 121 (1984). A violation of V.R.Cr.P. 11(f) does not require a showing of prejudice:

> Since the defendant's understanding of the elements of an offense as applied to the facts goes directly to the voluntariness of his plea, the record must affirmatively show sufficient facts to satisfy each element of an offense. The requirement of V.R.Cr.P. 11(f) involves an understanding by the defendant that the conduct admitted violates the law as explained to him by the court. Absent this, no matter how perfectly the other parts of Rule 11 have been observed, we cannot find a voluntary plea. Unlike collateral review of alleged defects under V.R.Cr.P. 11(c), which places a burden of proving prejudice upon the defendant, collateral attacks for defects under Rule 11(f) require no showing of prejudice.

*In re Dunham*, 144 Vt. 444, 451 (1984).

In this case, Petitioner pleaded guilty to a violation of 13 V.S.A. § 2561(b), which provides: "A person who buys, receives, sells, possesses *unless with the intent to restore to the owner*, or aids in the concealment of stolen property, knowing the same to be stolen, shall be punished the same as for the stealing of such property." Id. (emphasis supplied). The Vermont Supreme Court has held that, because the statute does not define the elements of this crime, the elements are defined in reference to the common law receipt of stolen property offense. *State v. Bleau*, 139 Vt. 305, 308 (1981). Those elements include that the receipt must be with "unlawful intent." *Id*. Such intent would exist when an individual in possession of stolen goods knows the goods are stolen and does not intend to return them.

V.R.Cr.P. 11(f) provides that "[n]otwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea." "While it is the better practice for the court, when considering whether to accept a guilty plea, to explain to the defendant the elements of the offense and the factual allegations comprising the offense, this is not a per se rule." *State v. Whitney*, 156 Vt. 301, 302 (1991) (citations omitted). Rather, the nature of the court's inquiry "'must necessarily vary from case to case.'" *Id*. (quoting *McCarthy v. United States*, 394 U.S. 459, 467 n.20 (1969)). "'[N]o mechanical rules can be stated, and the more complex or doubtful the situation . . ., the more searching will be the inquiry dictated by a sound judgment and discretion.'" *Id*. at 303 (quoting *United States v. Dayton*, 604 F.2d 931, 938 (5th Cir. 1979)). Nevertheless, "'the record must affirmatively show sufficient facts to satisfy each element of an offense.'" *In re Kasper*, 145 Vt. 117, 120 (1984) (quoting *In re Dunham*, 144 Vt. 444, 451 (1984)). The trial court must also inquire into these facts by reciting them "during the proceedings at which the defendant enters the plea." *State v. Yates*, 169 Vt. 20, 25 (1999). The underlying purpose of the V.R.Cr.P. 11(f) procedure is to ensure further that a defendant enters a plea voluntarily. "'[B]ecause a guilty plea is an admission of *all the elements of a formal criminal charge*, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts.' Thus, a violation of Rule 11(f) goes directly to the voluntariness of the plea . . . ." *Dunham*, 144 Vt. at 449 (1984) (emphasis in original) (citation omitted).

In determining whether a trial court has satisfied V.R.Cr.P. 11(f), the Vermont Supreme Court has examined the nature of the offense and the likelihood that the defendant understood elements of the crime even though they were not explicitly enunciated by the court. "In all such inquiries, [m]atters of reality, and not mere ritual, should be controlling." *Whitney*, 156 Vt. at 303 (alteration in original) (internal quotes omitted). In *Whitney*, for example, the Court held that the elements of the DUI offense were "readily understandable," where the court "clearly informed" the defendant, who was not a stranger to the DUI law, that he was charged with DUI and examined the

4

arresting officer's affidavit, which was supplied to the defendant. 156 Vt. at 303. But in *Kasper*, the Court held that the trial court violated V.R.Cr.P. 11(f) because "[t]he elements of the three felonies[—forgery, breaking and entering, and escape—]were not explained to the defendant, nor were any factual bases for the guilty pleas presented to the court." 145 Vt. at 120–21. Similarly, in *Dunham*, the Court held that the trial court also violated V.R.Cr.P. 11(f) where "the record discloses no factual basis for the willful element of second degree murder." 144 Vt. at 448; *but see State v. Gabert*, 152 Vt. 83, 87 (1989) (holding no need to explain implicit mental intent to deprive owner of property permanently in accepting plea to assault and robbery charge).

Where there is some evidence that a defendant is not entering a plea voluntarily, the trial court must "be especially careful in discharging [its] duties under Rule 11." *Dunham*, 144 Vt. at 449 (alteration in original) (internal quotes omitted). In *Dunham*, the Court held that there was a danger signal where "the prosecutor specifically called to the trial court's attention that there was an insufficient factual basis on the record to establish willfulness, or the intent to commit the crime of second degree murder." *Id*. Here, the court's inquiry was made after defense counsel identified items to which a voluntary plea would not be entered and after defense counsel stated that Petitioner would admit only that he did not take steps to return the property to its owner which is not an element of the crime charged.[1] These were "danger signals" which should have alerted the court to the need to make a more searching inquiry because even if Petitioner took no steps to return the property, he may have intended to return it. Indeed, he now argues that he was about to return the property when he learned that it was stolen.

The "intent to restore" element is not readily understandable to an average defendant. Petitioner could have been reasonably confused by the charge, which the court did not describe in accordance with its statutory language, and thus he was not advised, nor could reasonably be expected to know, that he could not be found guilty if he intended to return the items to the owner even if he had not yet taken steps to do so. This case can thus be distinguished from *Gabert*, where the intent element was more obvious.

The court concludes that the District Court failed to comply with V.R.Cr.P. 11(f) when it entered judgment on Petitioner's plea. Accordingly, Petitioner's plea was not knowing and voluntary, as required by the due process clause of the Fourteenth Amendment. *See Boykin v. Alabama*, 395 U.S. 238, 242–43 (1969); *In re Dunham*, 144

---

[1] Even if defense counsel's statement provides a factual basis regarding Petitioner's intent, it was not offered as a stipulation and the court never questioned Petitioner about it.

Vt. 444, 449 (1984). Thus, Petitioner is entitled to relief, as his sentence was not authorized by federal or state law.

Under 13 V.S.A. § 7133, where "the sentence imposed was not authorized by law or is otherwise open to collateral attack, . . . [the court] shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." "When a guilty plea has been unfairly induced . . ., the appropriate remedy is to make timely application to vacate the plea and be permitted to stand trial." *In re Dussault*, 128 Vt. 135, 136 (1969).

The Addison District Court's judgment of guilty in *State v. Benoit*, Docket No. 156-4-04, is hereby VACATED and Petitioner shall be granted a new trial. The State has five business days from the filing of this Order to make a request for bail and/or for conditions of release. Thereafter, this matter shall be set promptly for calendar call and jury draw unless the parties reach a resolution. Petitioner Benoit has requested an application for a public defender, which shall be forwarded to him with this Order.

SO ORDERED.

Dated at Middlebury, Vermont, July 12, 2005.

_____/s/_____
Hon. Christina Reiss
    Presiding Judge
    Addison Superior Court

6