**STATE of Alaska, Petitioner,**

v.

**Greg SAATHOFF, Respondent.**

**No. S–9457.**

Supreme Court of Alaska.

Aug. 17, 2001.

Marcelle K. McDannel, Assistant Attorney General, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Petitioner.

Paul E. Malin, Assistant Public Defender, and Barbara K. Brink, Public Defender, Anchorage, for Respondent.

Before FABE, Chief Justice, MATTHEWS, EASTAUGH, BRYNER, and CARPENETI, Justices.

### OPINION

FABE, Chief Justice.

### I. *INTRODUCTION*

During the summer of 1988 Greg Saathoff purchased a rifle that he suspected and later confirmed to be stolen property. Saathoff kept the stolen rifle for nine years until August 1997—when police discovered the stolen rifle in Saathoff's possession. Saathoff was charged with theft by receiving. He appealed his conviction, and the court of appeals reversed, holding that theft by receiving is not a continuing offense and that therefore the five-year statute of limitations applied and barred Saathoff's indictment and conviction. The State has challenged this ruling. For the reasons stated below, we affirm the decision of the court of appeals.

### II. *FACTS AND PROCEEDINGS*

#### A. *Facts*

In the summer of 1988 Greg Saathoff was working as a cab driver in Anchorage.[1] Sometime during that summer, a man he did not know approached him and offered to sell him an antique .22 caliber rifle for $100.[2] Saathoff initially refused, but after the price was lowered to $35, Saathoff accepted.[3]

At the time that he bought the rifle, Saathoff apparently suspected that it was stolen property.[4] This suspicion was reinforced when an appraiser valued the rifle at $500 and informed Saathoff that the rifle was a valuable antique.[5]

---

**1.** *See Saathoff v. State,* 991 P.2d 1280, 1281 (Alaska App.1999).

**2.** *See id.*

**3.** *See id.*

**4.** *See id.*

**5.** *See id.*

Nine years later, on August 15, 1997, Saathoff used the rifle to shoot a neighbor's dog.[6] When the neighbor responded by trying to shoot Saathoff, Saathoff summoned the police. The police arrived and secured all the weapons at the scene—including the antique rifle.[7] The officers at the scene checked the serial number of the rifle and found that the weapon had been reported stolen in a 1988 burglary.[8]

### B. Proceedings Below

After Saathoff disclosed the circumstances of his 1988 purchase, he was charged and indicted on November 14, 1997 by a Kenai grand jury for second-degree theft under AS 11.46.130(a)(2).

In February 1998 Saathoff moved to dismiss the indictment, arguing that the five-year statute of limitations applied to bar the indictment.[9] The superior court denied Saathoff's motion on March 26, 1998.

In July 1998 Saathoff entered a *Cooksey* plea, preserving for appeal the question of the applicability of the statute of limitations.[10] Saathoff was sentenced to a term of incarceration of fifteen months, with twelve months suspended, and placed on probation for three years.

Saathoff appealed his conviction, and the court of appeals reversed, holding that the statute of limitations applied to bar the conviction because the offense occurred in 1988 and the limitations period ended in 1993.[11] The State petitioned for review of this decision, and we granted the petition for hearing.

### III. STANDARD OF REVIEW

The application of a statute of limitations is a question of law that we review de novo.[12] This appeal requires us to decide the meaning of AS 11.46.100 and AS 11.46.190(a). These are questions of statutory construction, which are also reviewed de novo.[13]

### IV. DISCUSSION

Saathoff was convicted under AS 11.46.130(a)(2) of theft in the second degree. However, Saathoff's crime is defined by three statutes, AS 11.46.130(a)(2), AS 11.46.100, and AS 11.46.190.

Alaska Statute 11.46.130(a)(2) defines "theft in the second degree" to include theft of a firearm, and declares that "theft" is defined by AS 11.46.100.[14]

Alaska Statute 11.46.100 is Alaska's consolidated theft statute, which defines the crime of "theft." It provides for several alternative ways that one may commit theft, including the one applicable to this appeal, "theft by receiving."[15] Alaska Statute 11.46.100(4)

---

6. *See id.*

7. *See id.*

8. *See id.*

9. AS 12.10.010 imposes a five-year limitations period for many crimes, including second-degree theft.

10. Ordinarily, a defendant who pleads guilty or no contest waives all non-jurisdictional errors that may have been committed in the trial court. However, under an exception established by *Cooksey v. State*, 524 P.2d 1251, 1255–57 (Alaska 1974), a defendant may enter a *"Cooksey* plea" and plead no contest, explicitly preserving some specific issue for appeal. *See Bobby v. State*, 950 P.2d 135, 139 (Alaska App.1997).

11. *Saathoff*, 991 P.2d at 1286.

12. *See Law Offices of Steven D. Smith, P.C. v. Borg–Warner Sec. Corp.*, 993 P.2d 436, 443 (Alaska 1999).

13. *See Progressive Ins. Co. v. Simmons*, 953 P.2d 510, 512 (Alaska 1998).

14. AS 11.46.130 provides in part:

   (a) A person commits the crime of theft in the second degree if the person commits theft as defined in AS 11.46.100 and

   . . . .

   (2) the property is a firearm or explosive.

15. AS 11.46.100 provides for six ways that one can commit the offense of "theft," incorporating various common law offenses including larceny, false pretenses, embezzlement and receipt of stolen property. The full text provides:

   A person commits theft if

   (1) with intent to deprive another of property or to appropriate property of another to oneself or a third person, the person obtains the property of another;

   (2) the person commits theft of lost or mislaid property under AS 11.46.160;

   (3) the person commits theft by deception under AS 11.46.180;

states that "theft by receiving" is defined by AS 11.46.190.

Alaska Statute 11.46.190 specifically defines "theft by receiving":

(a) A person commits theft by receiving if the person buys, receives, retains, conceals, or disposes of stolen property with reckless disregard that the property was stolen.

The sole issue in this appeal is whether the statute of limitations, AS 12.10.010, applies to bar Saathoff's conviction.[16] The limitations period under AS 12.10.010 is five years, the stolen rifle was purchased by Saathoff in 1988, and prosecution was commenced in 1997. Therefore, it would at first blush appear that the limitations period expired in this case before prosecution was commenced.

However, if Saathoff's offense was a "continuing" offense, the statute of limitations would not have expired in this case. Alaska Statute 12.10.030 provides that the statute of limitations may be tolled for certain "continuing" offenses. If theft by receiving is a "continuing" offense, Saathoff's offense may have continued until 1997, allowing his prosecution and conviction under AS 12.10.010. The State claims that theft by receiving is a "continuing" offense and that in Saathoff's case it continued as long as Saathoff retained the stolen property, through 1997. Saathoff argues that theft by receiving is not a "continuing" offense, and that therefore the statute of limitations should bar the conviction.

█ In order to answer this question, we must address three issues: (1) the applicability of AS 12.10.030; (2) the language, structure, and legislative history of AS 11.46.100 and 11.46.190; and (3) public policy considerations. Upon analysis of these issues, we conclude that the opinion of the court of appeals should be affirmed: Theft by receiving is not a continuing offense and the statute of limitations therefore bars Saathoff's conviction.

A. *Alaska Statute 12.10.030 Controls Our Analysis and Requires that an Intent to Make an Offense Continuing Must "Plainly Appear" in the Statute or Legislative History.*

Our analysis is guided by AS 12.10.030, which provides that an offense is continuing only if the legislature plainly intended it to be so:

*When period of limitation runs.* (a) An offense is committed either when every element occurs, or, if a legislative purpose to prohibit a continuing course of conduct plainly appears, at the time when the course of conduct or the defendant's complicity therein is terminated.

Therefore, theft by receiving is only a continuing offense if a legislative purpose to make it a continuing offense "plainly appears" in the language, structure, or legislative history of AS 11.46.100 and 11.46.190(a).

B. *The Language, Structure, and Legislative History of AS 11.46.100 and 11.46.190(a) Indicate that Theft by Receiving Is Not a Continuing Offense.*

█ To begin our analysis, we will focus on the language of AS 11.46.100 and 11.46.190(a).[17] Under our "sliding scale" analysis, we will normally follow plain and unambiguous statutory language unless there is very strong contrary legislative history.[18]

The court of appeals concluded, based on legislative history, precedent, and the text of other statutes, that the structure of AS 11.46.100 indicates that the legislature in-

(4) the person commits theft by receiving under AS 11.46.190;
(5) the person commits theft of services under AS 11.46.200;
(6) the person commits theft by failure to make required disposition of funds received or held under AS 11.46.210.

**16.** AS 12.10.010 provides in part:
Except as otherwise provided by law, a person may not be prosecuted, tried, or punished for an offense other than murder unless the indict-ment is found or the information or complaint is instituted no later than

. . . .

(2) five years after the commission of any other offense.

**17.** *See Libby v. City of Dillingham,* 612 P.2d 33, 39 (Alaska 1980) (beginning statutory analysis with the language of the statute).

**18.** *See In re Johnstone,* 2 P.3d 1226, 1231 (Alaska 2000).

tended to consolidate old common laws into one crime of theft.[19] The court held that AS 11.46.100 does not define six separate crimes, but instead defines broadly one crime of theft in subsection (1)—obtaining the property of another with intent to deprive or appropriate.[20] Alaska Statute 11.46.100's five other subsections are merely examples that are included with the broad definition—including (4) "theft by receiving."[21] Therefore, because "theft by receiving" is not a separate offense, and is instead simply a subset of the general crime of theft, the court of appeals concluded that "theft by receiving" cannot be a continuing offense, because this would make it distinct from the other varieties of theft mentioned in AS 11.46.100.[22]

The court of appeals reasoned that its conclusion was consistent with the inclusion of the word "retain" in AS 11.46.190, the theft by receiving statute. The court of appeals held that "retain" under AS 11.46.190 describes "a defendant's action at a particular point in time—the time when the defendant acquires the culpable mental state required for theft (awareness that the property is probably stolen)."[23] This is consistent with the conclusion that "theft by receiving" is not a continuing offense.

However, the State asks us to reject the analysis of the court of appeals. The State claims that the specific language used in AS 11.46.100 and AS 11.46.190(a), and particular-ly the word "retain" in AS 11.46.190(a), plainly indicates that theft by receiving ("retaining") is a continuing offense.[24] Specifically, the State argues that "retain" is defined by dictionaries as an "ongoing activity."[25]

But as Saathoff points out, the meaning of "retain" in AS 11.46.190 is indeed ambiguous because there are two possible meanings: "retain" could mean (1) continuing control for the duration of the defendant's possession of the stolen item, or it could mean (2) momentary control at the time that the defendant receives the item or finds out that it is stolen. If continuing control is the correct meaning, a defendant continues to commit the crime of theft by receiving for as long as the defendant keeps the property. If momentary control is correct, a defendant commits the crime of retaining stolen property at the time that he has reason to believe that the property is stolen and decides to "retain" the property.

Guidance from other courts does not resolve the question of the plain meaning of AS 11.46.100 and AS 11.46.190(a). Other jurisdictions are almost evenly split on the question of the meaning of similar statutes from other jurisdictions. Seven jurisdictions have concluded, based at least partly on the plain language of state statutes, that theft by receiving is a continuing offense, and that it continues as long as the stolen item is re-

**19.** *See Saathoff v. State,* 991 P.2d 1280, 1282–84 (Alaska App.1999).

**20.** *See id.* at 1283.

**21.** *Id.* The court of appeals noted that the legislature's purpose to consolidate all forms of theft into one unified crime is evident in AS 11.46.110, the statute concerning the government's pleading and proof in theft cases. Also, the court cited prior decisions recognizing this legislative purpose: *Cheely v. State,* 850 P.2d 653, 661 (Alaska App.1993); *Williams v. State,* 648 P.2d 603, 606 (Alaska App.1982).

**22.** *See Saathoff,* 991 P.2d at 1284.

**23.** *Id.* at 1285. The court's interpretation is supported by the Model Penal Code, § 223.6 commentary at 235 (1980): "By defining 'receiving' to include the retention of possession, the Model Code ... makes it possible to convict a person

who receives [property] without knowledge that the goods were stolen but who, upon learning of their status, nevertheless resolves to keep or sell them." In the commentary, "retention" refers to the defendant's action in keeping the property after learning that the property is probably stolen.

**24.** The State argues that Saathoff committed theft by receiving by "retaining" the stolen rifle. AS 11.46.190(a), defining theft by receiving, states that "a person commits theft by receiving if the person buys, receives, *retains,* conceals, or disposes of stolen property with reckless disregard that the property was stolen." (Emphasis added.)

**25.** *Webster's Dictionary* defines "retain" as "to continue to hold in possession or use." *Webster's Dictionary* 2126 (2d ed.1966). *Black's Law Dictionary* defines "retain" as "to continue to hold, have, use ... and to keep." *Black's Law Dictionary* 1183 (5th ed.1979).

tained by the defendant.[26] On the other hand, nine other jurisdictions have reached the opposite conclusion.[27] The plain meaning of AS 11.46.100 and AS 11.46.190(a) is ambiguous. There are two possible reasonable readings of "retaining" in AS 11.46.190—one meaning is continuing and the other is momentary. It appears that half of the jurisdictions that have looked at the issue accepted one of these readings and the other half the other. At the very least, this seems to indicate that the plain meaning of this language is ambiguous and susceptible to two different reasonable interpretations.

Because the plain meaning of AS 11.46.100 (the consolidated theft statute) and AS 11.46.190(a) (defining "theft by receiving") is ambiguous, we must also examine the structure and legislative history of these statutes.

The court of appeals held that the structure and history of these statutes indicated that theft is a single unified crime and that theft by receiving could not separately be construed as a continuing offense.[28]

Each of the steps in the analysis of the court of appeals is in fact supported by the structure and legislative history of AS 11.46.100 and 11.46.190.[29] First, it is clearly the case that AS 11.46.100 was intended as a consolidation of all of the old common law forms of theft into one consolidated crime of theft, and that the six subsections of AS 11.46.100 did not define six different crimes but rather were simply examples of one unified crime.[30] Also, as noted by the court of appeals, AS 11.46.190 and AS 11.46.100 appear to be based on the analogous sections in the Model Penal Code, which define theft by

---

**26.** *See State v. Reeves,* 264 Ark. 622, 574 S.W.2d 647, 649 (1978) (holding that, under state statute, plain meaning of "to retain" indicates that retention of stolen property is a continuing offense); *State v. Temple,* 65 Haw. 261, 650 P.2d 1358, 1362 (1982) (same); *State v. Harelson,* 147 Or. App. 556, 938 P.2d 763, 766 (1997) (same); *Commonwealth v. Farrar,* 271 Pa.Super. 434, 413 A.2d 1094, 1098 (1979) (same); *Davis v. State,* 586 So.2d 817, 820 (Miss.1991) (noting that the common and ordinary meaning of language of state statute makes "receipt" of stolen property a continuing offense); *State v. Homer,* 78 Ohio App.3d 477, 605 N.E.2d 426, 426 (1992) (no analysis); *State v. Lodermeier,* 481 N.W.2d 614, 620–21 (S.D.1992) (holding that under state criminal possession of stolen property statute which "incorporated" the crime of "receiving and retaining," the use of the word "retain" indicated a clear intent to make that aspect of the crime continuing).

**27.** *See United States v. Mendoza,* 122 F.Supp. 367 (N.D.Cal.1954) (holding that under the federal statute, theft by receiving is not a continuing offense because the federal statute does not clearly make "retaining property a continuing offense," and because statutes of limitation should be reasonably construed in favor of the criminal defendant); *Wilkerson v. State,* 516 So.2d 916, 927 (Ala.Crim.App.1987) (no analysis); *Williams v. Superior Court of Los Angeles County,* 81 Cal.App.3d 330, 146 Cal.Rptr. 311, 318–19 (1978) (holding that theft by receiving is not a continuing offense, while theft by concealment is a continuing offense, based on the difference in meaning between the two terms); *State v. Webb,* 311 So.2d 190, 191–92 (Fla.App.1975) (holding that the clear language of state theft by receiving statute makes it a non-continuing offense, because statute is silent as to whether the offense is continuing); *State v. Barnes,* 124 Idaho 379, 859 P.2d 1387, 1388–89 (1993) (holding that the clear language of state theft by receiving statute makes it a non-continuing offense); *State v. Nuss,* 235 Neb. 107, 454 N.W.2d 482, 483–87 (1990) (same); *State v. Hippler,* 545 N.W.2d 568, 572 (Iowa 1996) (considering "theft by exercising control" statute, and holding that statute does not define continuing offense, because statute does not expressly so state in its plain language, and because there is no other evidence of legislative intent that so indicates); *Commonwealth v. Ciesla,* 380 Mass. 346, 403 N.E.2d 381, 383 (1980) (holding that "retaining or aiding in the concealment of stolen property" is not a continuing offense absent evidence of active continuing concealment); *State v. Longway,* 137 Vt. 165, 400 A.2d 1002, 1003 (1979) (no analysis).

**28.** *See Saathoff,* 991 P.2d at 1282–86.

**29.** AS 11.46.100 and AS 11.46.190 were part of the Alaska Revised Criminal Code, passed by the legislature in 1978. The legislative history of these statutes consists of two documents: (i) Commentary on the Alaska Revised Criminal Code, Senate Journal Supp. No. 47, 1978, Senate Journal [hereinafter "Commentary"], and (ii) the Alaska Criminal Code Revision (Tent. Draft 1977) [hereinafter "Draft Revision"] which was separately published by the Criminal Code Revision Subcommission.

**30.** *See* Draft Revision, *supra* note 29, Part III, at 18; Commentary at 30 ("Subsections (2)-(6) refer to sections describing how theft of lost property, theft by deception, theft by receiving, theft of services, and theft by failure to make required disposition of funds received or held may be committed. It is important to note that the conduct described in these sections do[es] not define separate crimes.").

receiving and create one consolidated crime of theft.[31] Finally, a passage cited in the Draft Revision indicates that one consequence of the consolidation of AS 11.46.100 is that an offender cannot be convicted of two offenses based on the same transaction; also, the passage implies that there is little difference between theft by receiving and theft by taking, since the relevant act for both is the act of obtaining the property, which is complete when the property is obtained.[32]

The State argues that the legislative history and structure of AS 11.46.100 and AS 11.46.190 indicate that theft by receiving should be construed as a continuing offense. The State claims that the drafters of AS 11.46.100 intended to make theft by receiving a continuing crime because the distinction between theft by receiving and other types of theft is a distinction that has a logical foundation in the crime. The State cites the Commentary on the Alaska Revised Criminal Code, which states that · "[t]o commit theft under paragraphs (1), (2), (3) and (6) the defendant must obtain property of anoth-

er." [33] The State contends that the drafters therefore intended subsections (1)-(3) and (6) of AS 11.46.100 to be non-continuing crimes, since in these types of theft the controlling word is "obtain," which is clearly a non-continuing act that is completed at the time of the theft. On the other hand, in the definition of theft by receiving—which is subsection (4) of AS 11.46.100 and is not on this list—the controlling word is "retain," which is clearly a continuing act that is not complete at the time of receipt.

However, as Saathoff points out, the sentence in the Commentary quoted by the State is taken out of context.[34] The Commentary discussion pertains only to the drafters' broad definition of "obtain." It cannot reasonably be interpreted as distinguishing between theft based on "obtaining" and theft based on "retaining." Indeed, there is nothing in the legislative history that indicates that theft by receiving was intended to be treated differently from the other forms of theft under AS 11.46.100.[35]

31. *See Saathoff*, 991 P.2d at 1284. The language of AS 11.46.190 is virtually identical to the language of other state theft by receiving statutes that are clearly based on the Model Penal Code. *See State v. Cabrera*, 90 Hawai'i 359, 978 P.2d 797, 805 (1999) (noting that Haw.Rev.Stat. § 708–830(7) follows the Model Penal Code); *State v. Nuss*, 235 Neb. 107, 454 N.W.2d 482, 483 (1990) (noting that Neb.Rev.Stat. § 28–517 follows the Model Penal Code); *State v. Schindler*, 20 Or.App. 400, 531 P.2d 915, 919 (1975) (noting that Or.Rev.Stat. § 164.095(1) follows the Model Penal Code; 18 Pa. Cons.Stat. § 3925(a) cmt. (noting that 18 Pa. Cons.Stat. § 3925(a) follows the Model Penal Code); S.D. Codified Laws § 22–30A–7 cmt. (noting that S.D. Codified Laws § 22–30A–7 follows the Model Penal Code).

32.  [C]onsolidation [will] make it impossible to convict of two offenses based on the same transaction. A person found in possession of recently stolen property may be either the thief or the receiver; but if the prosecution can prove the requisite thieving state of mind, it makes little difference whether the jury infers that the defendant took directly from the owner or acquired from the thief.
Draft Revision, *supra* note 29, Part III, at 36, quoting Or.Rev.Stat. § 164.095. Commentary, *supra* note 29, at 173.

33.  Commentary, *supra* note 29, at 31.

34.  The Commentary notes that "obtaining" is the relevant act in subsections (1)-(3) and (6) of AS

11.46.100 to show how broad the concept of "obtaining" is under AS 11.46.100. As the Commentary notes, "obtaining" includes constructive acquisition and is not limited to asportation. Commentary, *supra* note 29, at 31. The full text of the paragraph is:

To commit theft under paragraphs (1), (2), (3) and (6) the defendant must "obtain" property of another. The definition of "obtain" in § 900(5) extends the concept of taking to include constructive acquisition of property. Because asportation or "carrying away" of property is not an element of theft under the consolidated theft statute, theft of real property is possible under the Code, even though it was not included within the common law crime of larceny.

35.  The only passages that discuss the different forms of theft support the court of appeals's analysis. Commentary, *supra* note 29, at 30 ("Subsections (2)-(6) refer to sections describing how theft of lost property, theft by deception, theft by receiving, theft of services, and theft by failure to make required disposition of funds received or held may be committed. It is important to note that the conduct described in these sections do[es] not define separate crimes."); *id.* at 32 ("[O]ne of the chief aims of [AS 11.46.110 · is the] elimination of the confusing distinctions among the most typical theft offenses."); *id.* at 37–38 (discussing theft by receiving, treating it as a non-continuing crime: "Buying a new color television from a person in the street for $50

C. *Public Policy Considerations Do Not Justify Construing Theft by Receiving as a Continuing Offense.*

The State advances three policy arguments to support its claim that theft by receiving is a continuing offense. These arguments are: (a) the harm is ongoing; (b) a person who commits the offense of theft by receiving has an ongoing moral duty to return the stolen item; and (c) if theft by receiving is not construed as a continuing offense, this provides criminals with an incentive to engage in "fencing" operations.

However, because we have already determined that the language, structure, and legislative history of AS 11.46.100 and AS 11.46.190 indicate that theft by receiving is not a continuing offense, we decline to address these policy arguments. Such public policy arguments are better addressed to the legislature.[36]

## V. CONCLUSION

Because the intent to make theft by receiving a continuing crime does not "plainly appear" in the language, structure, or legislative history of AS 11.46.100 and AS 11.46.190(a), we AFFIRM the decision of the court of appeals below.

---

would be an example of conduct done with 'reckless disregard' as to whether the property was stolen."); Draft Revision, *supra* note 29, Part III, at 18 ("The traditionally distinct crimes of larceny, larceny by trick, embezzlement, theft of mislaid property, obtaining property by false pretenses and receiving stolen property are now combined into the single crime of 'theft.' ").

**36.** *See State, Dep't of Natural Resources v. City of Haines,* 627 P.2d 1047, 1052 (Alaska 1981) (refusing to consider public policy arguments concerning the construction of a statute because the proper construction was clear from the statute's language and legislative history).