**[J-82-2025] [MO:McCaffery, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 71 MAP 2024 |
| | : | |
| Appellee | : | Appeal from the Order of the |
| | : | Superior Court at No. 1028 MDA |
| | : | 2022 entered on October 23, 2023, |
| v. | : | Affirming the Judgment of Sentence |
| | : | of the York County Court of |
| | : | Common Pleas, Criminal Division, |
| CYNTHIA CAROLYN BLACK, | : | at No. CP-67-CR-0002801-2020 |
| | : | entered on June 17, 2022. |
| Appellant | : | |
| | : | ARGUED:  October 8, 2025 |

**CONCURRING AND DISSENTING OPINION**

**JUSTICE WECHT**                                                  **DECIDED:  June 16, 2026**

For statute of limitations purposes, a crime is considered to have been committed whenever "every element [of the offense] occurs," unless the statute in question "plainly" prohibits "a continuing course of conduct," in which case the offense is not complete until "the course of conduct or the complicity of the defendant therein is terminated."[1]  The question in today's case is whether the General Assembly "plainly" prohibited continuing courses of conduct in the theft by deception and receiving stolen property statutes.[2]  The Majority concludes that receiving stolen property is a continuing offense, but that theft by

---

[1]      42 Pa.C.S. § 5552(d) ("An offense is committed either when every element occurs, or, if a legislative purpose to prohibit a continuing course of conduct plainly appears, at the time when the course of conduct or the complicity of the defendant therein is terminated. Time starts to run on the day after the offense is committed.").

[2]      18 Pa.C.S. §§ 3922(a), 3925(a).

deception is not.  The Majority is half-correct.  Neither theft by deception nor receiving stolen property is a continuing offense.[3]

I agree with the Majority that it is, at minimum, unclear whether the General Assembly intended for the crime of theft by deception to constitute an ongoing offense, and that this means that it is not one.[4]  The statutory language prohibiting "withhold[ing] property of another" arguably could refer to a momentary action occurring at a discrete point in time, such as, when a perpetrator holds back or refuses to return the property of another by means of deception.[5]  On the other hand, it also is possible that the legislature used the word "withholds" because it wanted to create an ongoing offense that continues for as long as the perpetrator possesses the relevant property and thereby "withholds" it from its legitimate owner.  Given this ambiguity, the Majority correctly holds that theft by deception is not a continuing offense.[6]

---

[3]     While I disagree that receiving stolen property is a continuing offense, I nevertheless concur in the ultimate disposition of this matter inasmuch as the Majority vacates Cynthia Black's receiving stolen property conviction on fact-specific grounds.

[4]     *See* Majority Opinion at 15 ("At best, . . . the term 'withholds' is ambiguous, and must be construed in favor of the defendant.").  Subsection 5552(d) of the Judicial Code instructs than an offense should be considered ongoing only if the General Assembly's intent to create an ongoing offense "plainly appears."  42 Pa.C.S. § 5552(d).  That means that the mere finding of ambiguity ends the analysis here, unlike in other statutory interpretation contexts, since a legislative intent to create a continuing offense cannot "plainly appear" in a statute that is ambiguous regarding whether it prohibits a continuing course of conduct.

[5]     Majority Opinion at 15 ("[T]he term 'withhold' can mean that the defendant refused to return the property upon request.  This would trigger the statute of limitations at a single, definite point in time.").

[6]     *Id.* ("[T]he term 'withhold' can mean that the defendant refused to return the property upon request.  . . .  Nevertheless, the term 'withhold' may also allude to an offense that continues so long as the defendant is in possession of the property.  At best, therefore, the term 'withholds' is ambiguous, and must be construed in favor of the defendant.").  The Majority also emphasizes that, when the General Assembly does intend to create a continuing offense, it typically does so using unmistakably direct language.  *Id.* at 13 (citing examples, such as the Corrupt Organizations Act, which states (continued…)

The reasoning above should also lead the Majority to the conclusion that receiving stolen property is not a continuing offense. A person is guilty of receiving stolen property if he "receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen[.]"[7] The General Assembly borrowed this language from Section 223.6 of the Model Penal Code.[8] The MPC's commentary explains that the word "retains" was added to Section 223.6 in order to encompass scenarios in which a perpetrator obtains stolen property without knowing that it is stolen, subsequently learns that the property was stolen, but nevertheless "retains" it anyway despite that knowledge.[9] Understood this way, criminal retention of stolen property may occur at a discrete moment in time, *i.e.,* when the perpetrator discovers the source of the property and chooses to hold on to it anyway. Because this is one reasonable interpretation of "retains," the legislature's intent to create a continuing offense does not "plainly appear" in the receiving stolen property statute.

---

that an offense "[s]hall be deemed to continue so long as the person who committed the violation continues to receive any benefit from the violation"). The Majority is of course correct that "the theft by deception statute is markedly different" from those statutes. *Id.* at 14.

[7] 18 Pa.C.S. § 3925(a) ("A person is guilty of theft if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner.").

[8] 18 Pa.C.S. § 3925 *comment* ("This section is derived from Section 223.6 of the Model Penal Code."); MODEL PENAL CODE § 223.6(1) ("A person is guilty of theft if he purposely receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with purpose to restore it to the owner.").

[9] MODEL PENAL CODE COMMENTARIES vol. 2 at 235 (1980) ("By defining 'receiving' to include the retention of possession, the Model Code . . . makes it possible to convict a person who receives [property] without knowledge that the goods were stolen but who, upon learning of their status, nevertheless resolves to keep or sell them.").

The Majority correctly identifies ambiguity in the theft by deception statute, but is unwilling to extend the same logic to the receiving stolen property statute.[10]  I find the Majority's decision to split the baby perplexing.  The terms "withholds" and "retains" imply a continuing offense in roughly equal measure:  either *both* receiving stolen property *and* theft by deception are continuing offenses, or neither is.  Just as one could argue that a person "retains" stolen property for as long as he possesses it, one also could argue that a perpetrator "withholds" property of another for as long as he possesses it.  Thus, if the Majority is correct that retaining property is synonymous with possessing property, then withholding property likely has the same meaning.

I am not sure what (unstated) difference the Majority perceives between these two statutes.  The Court's willingness to equate retention with possession while simultaneously refusing to equate withholding with possession is sure to confuse lower court judges tasked with applying these principles in future cases.

Because our receiving stolen property statute comes from the MPC, similar or identical statutes exist in many other states.  Courts in those jurisdictions are divided on whether the inclusion of the word "retains" unambiguously creates a continuing offense.  Some states, like Arkansas, Hawaii, and South Dakota, have held that receiving stolen property is an ongoing offense that the perpetrator continuously commits for as long as he "retains" the stolen property.[11]  Other states, like Nebraska and Alaska, have reached the opposite conclusion, holding that the prohibition on retaining stolen property at least

---

[10]    *Compare* Majority Opinion at 15 (finding ambiguity in the theft by deception statute because "the term 'withholds' can connote continuous behavior or be limited to a specific period in time"), *with id.* at 26 ("The term 'retain' is synonymous with 'possess.'").

[11]    *State v. Reeves*, 574 S.W.2d 647, 649 (Ark. 1978) (holding that the plain meaning of "to retain" indicates that retention of stolen property is a continuing offense); *State v. Temple*, 650 P.2d 1358, 1362 (Haw. 1982) (same); *State v. Lodermeier*, 481 N.W.2d 614, 621 (S.D. 1992) ("Use of the word 'retains' by the Legislature indicates a clear intent to make this aspect of the crime of theft continuing in nature.").

arguably refers to a momentary action occurring at a discrete point in time.[12]  This latter group has the better argument.  All of the decisions finding receiving stolen property to be a continuing offense—just like the Majority's decision today—gloss over the fact that the word "retains" in the receiving stolen property statute is reasonably susceptible to different interpretations.

Take, for instance, the Hawaii Supreme Court's decision in *Temple*.  Although the court explicitly conceded that the word "retain" is susceptible to multiple reasonable interpretations, it failed properly to resolve that ambiguity, an ambiguity which presumably ought to have led it to decline to find a continuing offense:

> The terms 'receive' and "dispose" comprehend acts that essentially are of a transitory nature or brief duration.  While "retain" may likewise denote momentary control of an object, the term primarily describes an ongoing course of conduct.  Its meaning is "to hold or continue to hold in possession or use: continue to have, use, recognize, or accept: maintain in one's keeping."  WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1938 (1967).  And we can only infer its inclusion in HRS § 708–830(8) connotes a legislative design to make an aspect of theft a continuing crime.[13]

The problem with this reasoning is that the legislative intent to create a continuing offense must be expressed plainly.[14]  This cannot be the case if one concedes that "retain"

---

[12]     *State v. Saathoff*, 29 P.3d 236, 242 (Alaska 2001) (holding that "the intent to make theft by receiving a continuing crime does not 'plainly appear'" in Alaska's receiving stolen property statute); *State v. Nuss*, 454 N.W.2d 482, 485 (Neb. 1990) ("In Nebraska, there is no clear legislative intent showing that the Legislature intended to make theft by receiving a continuing course of conduct.").

[13]     *Temple*, 650 P.2d at 1362.

[14]     42 Pa.C.S. § 5552(d) ("[I]f a legislative purpose to prohibit a continuing course of conduct *plainly* appears, [then the offense is committed] at the time when the course of conduct or the complicity of the defendant therein is terminated." (emphasis added)); *accord* HAW. REV. STAT. § 701-108(4) ("An offense is committed either when every element occurs, or, if a legislative purpose to prohibit a continuing course of conduct plainly appears, at the time when the course of conduct or the defendant's complicity therein is terminated.").

sometimes "denote[s] momentary control of an object."[15]  As the Alaska Supreme Court noted in *Saathoff*, the persistence of conflicting judicial opinions regarding whether a ban on retaining property prohibits a continuing course of conduct suggests that the meaning of the word "retains" is anything but plain.  The *Saathoff* court reasoned that:

> [T]he meaning of "retain" in AS 11.46.190 is indeed ambiguous because there are two possible meanings: "retain" could mean (1) continuing control for the duration of the defendant's possession of the stolen item, or it could mean (2) momentary control at the time that the defendant receives the item or finds out that it is stolen.  If continuing control is the correct meaning, a defendant continues to commit the crime of theft by receiving for as long as the defendant keeps the property.  If momentary control is correct, a defendant commits the crime of retaining stolen property at the time that he has reason to believe that the property is stolen and decides to "retain" the property.
>
> Guidance from other courts does not resolve the question of the plain meaning of AS 11.46.100 and AS 11.46.190(a).  Other jurisdictions are almost evenly split on the question of the meaning of similar statutes from other jurisdictions.  Seven jurisdictions have concluded, based at least partly on the plain language of state statutes, that theft by receiving is a continuing offense, and that it continues as long as the stolen item is retained by the defendant.  On the other hand, nine other jurisdictions have reached the opposite conclusion.  The plain meaning of AS 11.46.100 and AS 11.46.190(a) is ambiguous.  There are two possible reasonable readings of "retaining" in AS 11.46.190—one meaning is continuing and the other is momentary.  It appears that half of the jurisdictions that have looked at the issue accepted one of these readings and the other half the other.  At the very least, this seems to indicate that the plain meaning of this language is ambiguous and susceptible to two different reasonable interpretations.[16]

Like the Alaska court in *Saathoff*, I believe that a statute prohibiting retention of stolen property is susceptible to multiple interpretations, at least one of which does not proscribe a continuing course of conduct.  This means that the inclusion of the word "retains" in our receiving stolen property statute cannot "plainly" indicate "a legislative

---

[15]     *Temple*, 650 P.2d at 1362.

[16]     *Saathoff*, 29 P.3d at 239-40 (footnotes omitted).

purpose to prohibit a continuing course of conduct."[17]  I therefore dissent in part from the

Majority's legal analysis, although I concur in the ultimate disposition of this appeal.

---

[17]    42 Pa.C.S. § 5552(d).  The titles of statutes do not necessarily control our interpretation of accompanying statutory text. *See Commonwealth v. Magwood*, 469 A.2d 115, 119 (Pa. 1983).  It is worth highlighting nonetheless that the crime at issue here is titled "receiving stolen property," not "possessing stolen property," as the Majority interprets the offense.  This title supports my view—and the view of the MPC drafters— that "retains" was included in the statute not to criminalize ongoing possession but rather to facilitate prosecutions where the perpetrator does not know that property is stolen when he first "receives" it but nevertheless subsequently "retains" the item after discovering its source.